UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, CDCR #H-04180,<br><br>                               Plaintiff,<br><br>           vs.<br><br>E. NGUYEN; J. BURKE; R. ZANG-DO; WALTER NAHM; DR. MARTIN; T. LUU; DR. G. CASIAN; DR. M. SANTOS; S. ROBERTS, M.D.; R.A. BARENCHI, M.D.; MARCUS POLLARD; L. SCHOBELOCK; G.F.D. SOUZA, M.D.,<br><br>                              Defendants. | Case No.: 3:20-cv-0616-JAH-AHG<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b); AND (3) DENYING DUPLICATIVE MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

James Bowell ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Comp., ECF No. 1). In addition, Plaintiff has filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 2, 8.)

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. (ECF No. 4.) Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). Plaintiff's duplicative Motion to Proceed IFP (ECF No. 8) is DENIED without prejudice as moot.

## II.     Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations[1]

On September 17, 2016, Defendant Walter Nahm, a dermatologist, "performed a Mohs surgery [on Plaintiff] by removing a time piece of skin the size of a dime." (Compl. at 4.)  Dr. Nahm "wanted to use a glue stitch that would leave a hole" but Plaintiff "told Dr. Nahm to just stitch it up." (*Id.*)  Plaintiff claims that "in a fit of rage Nahm pulled out his scalpel very fast, slashing [Plaintiff's] left shoulder." (*Id.*)  Plaintiff alleges Nahm told Correctional Officers Davis and Martinez that Plaintiff was "ready to go" despite having an "open wound" and "no stitches." (*Id.*)  Plaintiff claims that he "calmly in a humble tone psychologically brought [Nahm's] mind under logical control as Nahm decided" to suture the cut. (*Id.*)  Plaintiff also claims that Nahm treated a sty on his eye with liquid nitrogen. (*See id.*)

///
///

---

[1] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

1   On May 17, 2019, Plaintiff alleges that as a "form of retaliation," Nahm's
2   assistants "performed a biopsy on three locations on [Plaintiff's] left arm/shoulder and
3   right lower eyelid." (*Id.* at 5.) Plaintiff claims they injected a chemical into his eyelid
4   "gouging out a tiny hole" which "just gets bigger, infected," and "swollen." (*Id.*)
5   Plaintiff alleges he sought medical assistance for his "open wound" for
6   "approximately one year with no help, rotating prison doctors attempting to force [him]
7   back to [Nahm] for another Mohs surgery." (*Id.* at 6.) Plaintiff claims that he was seen
8   by Defendant Nguyen on January 7, 2020, Defendant Burke on July 12, 2019, Defendant
9   Zang-Do on August 19, 2019, Defendant Martin on August 19, 2019, Defendant Luu on
10  October 23, 2019, Defendant Casian on November 25, 2019, and Defendant Santos on
11  February 25, 2020. (*See id.*) Plaintiff also alleges Defendant Pollard, RJD Warden,
12  personally "view[ed] [Plaintiff's] right lower eyelid" on January 23, 2020. (*Id.*)
13  Plaintiff seeks injunctive relief, $5,000,000 in compensatory damages,
14  $40,000,000 in punitive damages, and for "each Defendant listed to be held accountable."
15  (*Id.* at 8.)

C.  42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.  Rule 8

As an initial matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2).  *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

   E. Eighth Amendment claims

  Here, Plaintiff alleges Defendant Nahm "slash[ed] [his] left shoulder" during a dermatology procedure but later "Nahm decided to stitch" the cut that was made. (Compl. at 4.)  Plaintiff also claims that Nahm's assistant "sprayed" his sty on his eyelid with "liquid nitrogen" which he claims was "used maliciously with gross negligence." (*Id.*)  Plaintiff also claims that Nahm's assistants performed a "biopsy on three locations" which caused his eyelid to become "infected" and "swollen."  (*Id.* at 5.)

  Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976*).*  Here, it is not necessarily clear whether Plaintiff has alleged enough facts to demonstrate that he had a serious medical need.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.3d at 1059-60.

However, even assuming Plaintiff's medical issues were "objectively serious" medical conditions, nothing in his Complaint supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

In his Complaint, Plaintiff claims the "slashing of [his] left shoulder" by Nahm was "medical malpractice gross negligence." (Compl. at 4.) However, despite Plaintiff's claims that Nahm "slashed" his shoulder, he also indicates that Nahm treated this cut. (*See id.*) Plaintiff also appears to claim, although it is not entirely clear, that various doctors at RJD committed "gross negligent medical malpractice." (*Id.* at 6.) However, he does not provide any specific factual allegations as to what any of these individual RJD doctors did or did not do. Plaintiff appears to suggest that he believes the RJD doctors should have referred him to an "eyelid specialist" as opposed to a dermatologist. (*Id.* at 6.)

Deliberate indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).

To the extent Plaintiff alleges the Defendants acted negligently and disagreed with Plaintiff's opinion as to the course of treatment, a § 1983 claim cannot sound merely in negligence or substandard medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (holding that a mere negligent failure to protect an inmate from harm is not actionable under § 1983); *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a

medical condition, without more, does not violate a prisoner's Eighth Amendment rights."), quoting *McGuckin*, 974 F.2d at 1059.  "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice, negligence or a difference of opinion concerning the course of treatment are insufficient to establish a constitutional deprivation.  *Toguchi*, 391 F.3d at 1060.

Plaintiff has merely alleged Defendants committed medical malpractice and had a difference of opinion regarding his need for medical care.  However, he has not alleged, or provided any specific factual allegations, that any of the named Defendants acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety.".  *Farmer*, 511 U.S. at 837; *Iqbal*, 556 U.S. at 678.

In addition, once again, Plaintiff does not actually set forth any specific factual allegations that Defendant Pollard actually knew of, yet disregarded any serious medical need. See *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Plaintiff does not state any factual allegations that Warden Pollard played any role in his medical care.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment medical deliberate indifference claim against any of the named Defendants.

F. <u>Grievance processing</u>

Plaintiff seeks to hold Defendant Schobelock liable for "rejecting almost all of [his] Health Care Appeals calling into question her credentials."  (Compl. at 3.)  The Court finds Plaintiff's Complaint fails to state a claim as to Schobelock because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v.*

*California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of [...] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court finds Plaintiff's claim that Schobelock denied his grievances is insufficient to state any plausible claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW (JC), 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

G.  Leave to Amend

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.  Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in

his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DENIES** Plaintiff's duplicative Motion to Proceed IFP (ECF No. 8), without prejudice as moot;

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an

amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail a court approved form civil rights complaint to Plaintiff.

**IT IS SO ORDERED**.

Dated: May 5, 2020

Hon. John A. Houston
United States District Judge