UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL, CDCR #H-04180,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>E. NGUYEN; J. BURKE; R. ZANG-DO; WALTER NAHM; DR. MARTIN; T. LUU; DR. G. CASIAN; DR. M. SANTOS; S. ROBERTS, M.D.; R.A. BARENCHI, M.D.; MARCUS POLLARD; L. SCHOBELOCK; G.F.D. SOUZA, M.D.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-0616-JAH-AHG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

**I.   Procedural History**

On March 30, 2020, James Bowell ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Comp., ECF No. 1). In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

1

On May 5, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint for failing to state a claim. (*See* May 5, 2020 Order, ECF No. 9 at 10-11.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of his pleading identified in the Court's Order. (*See id.* at 11.) On October 16, 2020, Plaintiff indicated to the Court that he had attempted to file an amended pleading within the timeframe provided by the Court, but the Court did not receive his amended pleading. Based upon Plaintiff's representation, the Court permitted Plaintiff to file his First Amended Complaint[1] ("FAC") on October 19, 2020. (*See* FAC, ECF No. 20.)

## II.     Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

As the Court previously informed Plaintiff, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

---

[1] Plaintiff names Ronald Zhang as a Defendant which appears to be a correction in the spelling of Defendant "Zang-do" who was named in the original Complaint.

2

2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations[2]

Plaintiff's factual allegations are often disjointed and difficult to follow. It appears that Plaintiff was examined by Defendant Walter Nahm, a dermatologist, on September 27, 2016. (*See* FAC at 5.) Plaintiff alleges that Nahm "slash[ed] [his] left shoulder wide open after a completed Mohs procedure removing a tiny piece of skin the size of a dime." (*Id.*) Nahm purportedly told his "male assistant to put some glue stitch over it" but Plaintiff asked for it to be "stitch[ed] up." (*Id.*) Nahm then told the correctional officers who escorted Plaintiff to the appointment that Plaintiff's "ready to go with no stitches [for a] wide open wound." (*Id.*) After the officers "looked perplexed" and in a "state of shock," Nahm decided to stitch up the cut. (*Id.*)

Nahm also "sprayed [Plaintiff's] right lower eyelid" with liquid nitrogen to treat a sty. (*Id.*) Plaintiff claims Nahm told him "you have a closed eyelid pore on the edge that I can do nothing for, try some baby shampoo." (*Id.*)

---

[2] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

3

On May 17, 2019, Nahm "performed three biopsy procedures" on Plaintiff's "left arm elbow area, left shoulder chest area and right lower eyelid." (*Id.* at 5.) Plaintiff alleges that Nahm "goug[ed] out a tiny hole" in his eyelid which has not healed to date. (*Id.*)

Plaintiff claims Defendant Ronald Zhang documented in his file that Plaintiff "refused follow-up treatment" with Nahm on March 14, 2017. (*Id.* at 7.) It appears that Plaintiff was examined by Defendant J. Burke on July 12, 2019 who placed a request for Plaintiff to be seen by an ophthalmologist and Burke allegedly failed to follow up with the request. (*See id.* at 8.)

Defendant Tri Luu on October 23, 2019 examined Plaintiff's "eyelid open wound" but claims he "fail[ed] to expedite a serious medical need" for Plaintiff to be seen by an "eyelid specialist not a dermatologist." (*Id.*)

Defendant Gina Casian examined Plaintiff's eyelid on November 25, 2019 and told Plaintiff that Nahm had "terminat[ed]" him as a patient. (*Id.*) However, Plaintiff claims that was not true because he had been examined by Nahm on October 15, 2019 and told Nahm he refused to be treated by him. (*See id.*)

On February 11, 2020, after "seeing Ophthalmologist [Defendant] E. Nguyen," Plaintiff claims Defendant Gehaan F. D'Souza "requested urgent Mohs surgery for [Plaintiff's] eyelid." (*Id.*) On February 25, 2020, Defendant M. Santos "attempt[ed] to send [Plaintiff] back to [Nahm]." (*Id.*)

Plaintiff claims Defendants Steven Roberts and Ryan A. Barenchi are in "charge of supervising medical requests submitted by doctors." (*Id.*) Plaintiff alleges Roberts and Barenchi are responsible for "injuries incurred [that is] caused by their malicious misconduct management of CDCR hiring and contracting doctors medical services." (*Id.*)

Plaintiff's FAC does not contain a request for relief. (*See id.* at 11.)

C.   42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d

4

1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

      D.    <u>Rule 8</u>

As an initial matter, the Court finds, once again, that Plaintiff's FAC fails to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling.").

      E.    <u>Waiver of Defendants</u>

In the Court's May 5, 2020 Order, the Court informed Plaintiff that his "Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." *See* May 5, 2020 Order at 10 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

In his FAC, Plaintiff no longer names Martin, Pollard or Schobelock as Defendants.

*See* FAC at 1-3.  Thus, all claims against these Defendants are deemed waived.

    F.    <u>Eighth Amendment claims</u>

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976*).*  Here, it is, once again, not clear whether Plaintiff has alleged sufficient facts to demonstrate that he had a serious medical need.  *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.3d at 1059-60.

However, even assuming Plaintiff's medical issues were "objectively serious" medical conditions, nothing in his FAC supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

In his FAC, Plaintiff claims the "slashing of [his] left shoulder" by Nahm was "medical malpractice gross negligence." FAC at 5-6. However, despite Plaintiff's claims that Nahm "slashed" his shoulder, he also indicates that Nahm treated this cut.  *See id.* Plaintiff also claims that various doctors at RJD committed "gross negligent medical malpractice." *Id.* at 5-7.  However, Plaintiff's allegations appear to revolve around his

6

disagreement with their intention to send Plaintiff to Nahm for further treatment. Plaintiff alleges that Defendant Burke placed a request for him to be seen by an ophthalmologist. *See id.* at 8. Plaintiff alleges Defendant Luu "refused to properly document the circumstances of Nahm's medical malpractice." *Id.* While Plaintiff's claims are far from clear, it appears Plaintiff disagrees with Defendant D'Souza referring him to a plastic surgeon. *See id.* Plaintiff alleges that Defendant Santos "attempt[ed] to send [Plaintiff] back to Walter Nahm" on February 25, 2020. *Id.* None of these allegations demonstrate deliberate indifference to Plaintiff's medical needs by any named Defendants.

Plaintiff describes this treatment by various medical personnel as "[r]otating prison doctors' gross negligent medical malpractice." *Id*. at 5. Deliberate indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan,* 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)).

To the extent Plaintiff alleges the Defendants acted negligently and disagreed with Plaintiff's opinion as to the course of treatment, a § 1983 claim cannot sound merely in negligence or substandard medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (holding that a mere negligent failure to protect an inmate from harm is not actionable under § 1983); *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."), quoting *McGuckin*, 974 F.2d at 1059. "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice, negligence or a difference of opinion concerning the course of treatment are insufficient to establish a constitutional deprivation. *Toguchi*, 391 F.3d at 1060.

Plaintiff has merely alleged Defendants committed medical malpractice and had differences of opinion regarding his need for medical care. However, he has not alleged

7

or provided any specific factual allegations, that any of the named Defendants acted with deliberate indifference to his plight by "knowing of and disregarding an excessive risk to his health and safety." *Farmer*, 511 U.S. at 837; *Iqbal*, 556 U.S. at 678.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment medical deliberate indifference claim against any of the named Defendants.

### G. Respondeat Superior

Plaintiff seeks to hold Defendants Roberts and Barenchi liable because they are purportedly "in charge of supervising medical requests submitted via doctors accountability." FAC at 8. He also alleges that his injuries occurred due to their "malicious misconduct management of CDCR hiring and contracting doctors." *Id.* at 9. Plaintiff also seeks to hold Defendant Diaz liable as the CDCR's "prison administrator of policies." *Id.* at 10.

However, Plaintiff fails to state a plausible Eighth Amendment claim for relief against these Defendants because he does not include any "further factual enhancement" to describe how, when, or whether these Defendants were personally aware that Plaintiff had medical issues for which he sought treatment. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "A plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks*

8

*v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

As currently pleaded, Plaintiff's FAC offers no factual detail from which the Court might reasonably infer a plausible Eighth Amendment claim on the part of Roberts, Barenchi or Diaz. *Iqbal*, 556 U.S. at 678.  In fact, Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570).

Therefore, the Court dismisses Roberts, Barenchi and Diaz *sua sponte* based on Plaintiff's failure to state any claim against them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### H.    Equal Protection

Throughout Plaintiff's FAC he alleges he has been denied equal protection of the laws under the Fourteenth Amendment.  The Equal Protection Clause requires that persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, Plaintiff must allege that Defendants' actions were a result of his membership in a suspect class such as race, religion, or alienage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff does not allege that he is a member of any suspect class nor does he allege that the actions of the Defendants were based on his membership in any suspect class. Thus, Plaintiff may establish an equal protection claim only if he alleges facts sufficient to plausibly show Defendants intentionally treated similarly situated inmates differently without a rational basis for doing so. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). To state an equal protection claim under this "class of one" theory, however, Plaintiff must allege facts to plausibly show that: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009) (citing *Village of Willowbrook*, 528 U.S. at 564). He must further allege discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

Again, Plaintiff's FAC is far from clear but he appears to allege that Defendant Nahm was given his prison file which labels him as a sex offender. *See* FAC at 5. Plaintiff claims this placed him at "risk of irreparable harm" but fails to identify the harm. *Id.* Plaintiff pleads no facts to show that he was intentionally treated differently from other inmates. Thus, his equal protection claim does not appear to arise from his "unique treatment," which is the theory upon which a "class of one" claim depends. *Nurre*, 580 F.3d at 1098.

As a result, Plaintiff's Fourteenth Amendment equal protection claims are dismissed sua sponte for failure to state a plausible equal protection claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

///

### III. Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend sufficient facts to support his claims to no avail. Therefore, the Court finds further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### IV. Conclusion and Order

Accordingly, the Court:

1) **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and for failing to comply with FRCP 8;

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: November 5, 2020

Hon. John A. Houston
United States District Judge

11